IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3237-FL

| | | |
|---|---|---|
| BRIAN GALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE 29). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

On August 21, 2023, plaintiff, a federal inmate proceeding pro se, filed a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (DE 1). Plaintiff subsequently filed numerous addendums and attachments to the complaint. (See DE 4–7, 11), and plaintiff filed an amended complaint, January 2, 2024. (DE 12). The court reviewed plaintiff's amended complaint under Bivens and dismissed the action for failure to state a claim April 11, 2024. (DE 16). Subsequently, the court granted plaintiff's motion for reconsideration and allowed plaintiff to proceed with his claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80 (DE 21).[2] The instant motion for lack of subject matter

---

[1] The court dismissed plaintiff's claims against formerly named defendants Lyn B. Kelly and C. Gomez by separate order entered October 10, 2024.

[2] In his motion for reconsideration, plaintiff alleged he intended to bring his claim concerning toxic black mold in his housing area under the FTCA but erred in his amended complaint by not placing an "X" in the box

jurisdiction followed. Plaintiff responded in opposition and defendant replied.[3]

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint may be summarized as follows. On May 16, 2023, plaintiff entered the Special Housing Unit ("SHU") at the Federal Correctional Institution Butner Medium II ("FCI Butner II"). (See Am Compl. (DE 12) 5–7).[4] Plaintiff alleges he immediately began having trouble breathing because of black toxic mold on the walls around his bed and shower area. (See id. at 5). Plaintiff alleges he notified prison officials of "these conditions and [his] physical reaction" but his complaints "f[ell] on deaf ears." (Id. at 5–6). Plaintiff alleges prison officials "just quick paint (dry) over it." (Id. at 6). Plaintiff alleges the mold caused him to suffer from migraine headaches, constricted breathing, constant itching and scratching, and sporadic dizziness. (See id. at 6–7). Plaintiff alleges he was prescribed ibuprofen, had two EKG tests performed on him, and received a chest x-ray. (See id. at 7). Plaintiff alleges the United States violated his Eighth Amendment rights and seeks monetary damages for having "endured the cruel and unusual punishment of living and breathing toxic black mold for close to [eight] months." (Id. at 5, 8).

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction,

---

indicating he was proceeding under the FTCA. (See (DE 18) 1; see also Am. Compl. (DE 12) 2).

[3] This matter was reassigned to the undersigned United States District Judge on August 20, 2025.

[4] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management/ electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

2

Case 5:23-ct-03237-FL    Document 44    Filed 09/16/25    Page 2 of 8

and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] . . . that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B.  Analysis

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Generally, a prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). This waiver, however, is subject to several important qualifications and limitations, each of which bars claims against the United States on jurisdictional grounds. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit.").

One such limitation is the discretionary function exception. The FTCA does not apply to "[a]ny claim based upon an act or omission of an employee of the Government . . . based upon the

3

exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "The discretionary function exception marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012). "Because waivers of sovereign immunity must be strictly construed, FTCA plaintiffs have the burden of showing that the discretionary function exception does not foreclose their claim." Bulger v. Hurwitz, 62 F.4th 127, 142 (4th Cir. 2023).

Applying the discretionary function exception initially requires identifying the conduct at issue that led to the alleged injury. See id. at 142–43; S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012). After identifying the conduct at issue, the court employs a two-part test to determine whether the discretionary function exception applies. See United States v. Gaubert, 499 U.S. 315, 322–23 (1991). First, the "exception covers only acts that are discretionary in nature, acts that involv[e] an element of judgment or choice." Id. at 322. As to this prong, "[a] government employee's conduct does not involve discretion where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow and the employee has no rightful option but to adhere to the directive." Holbrook, 673 F.3d at 345.

Second, if the alleged conduct involves discretionary judgment, the court must determine whether the exercise of judgment is "based on considerations of public policy." Gaubert, 499 U.S. at 323; Bulger, 62 F.4th at 143–44. The inquiry focuses "not on the agent's subjective

4

intent . . . but on the nature of the actions taken and on whether they are susceptible to policy analysis." Gaubert, 499 U.S. at 325. And "[w]hen established governmental policy, as express or implied by statute, regulation, or agency guidelines, allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Id. at 324. "If the challenged actions or omissions satisfy those two steps, the government's conduct is considered discretionary within the meaning of the exception, and courts lack jurisdiction whether or not the discretion involved be abused." Bulger, 62 F.4th at 143.

Here, defendant argues the discretionary function exception bars plaintiff's claims concerning his housing and complaints of mold. The court begins with the first prong of the two-part discretionary function test. Plaintiff fails to identify a federal statute, regulation, or policy that "prescribes a course of action for an employee to follow" when an inmate complains of mold in his housing area. Holbrook, 673 F.3d at 345. Instead, plaintiff attaches two notices of alleged safety or health hazards from the United States Department of Labor concerning mold in the food service department, water in the education department and leisure library, and mold due to rain from damaged ceilings in an unknown location. (See (DE 35-1) 1–8). These documents provide notice of mold in areas separate from plaintiff's cell or shower area and do not prescribe specific actions for the Federal Bureau of Prisons ("BOP") to follow concerning plaintiff's complaint of mold in his housing area.

Pursuant to 18 U.S.C. § 4042(a), the BOP is required to provide for the "protection," "safekeeping," and "care" of "all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2)–(3). The United States Court of Appeals for the Fourth Circuit has held that the general language of 18 U.S.C. § 4042(a) provides the BOP with discretion

5

regarding the implementation of the statute's mandates. See Bulger, 62 F.4th at 143 ("The statute does not dictate any particular course of action or proscribe certain conduct. Given the general language of the statute, prison officials exercise broad discretion in safeguarding and protecting inmates."); Rich v. United States, 811 F.3d 140, 145 (4th Cir. 2015) (finding that decisions regarding the separation of inmates, transfers, and housing assignments satisfy the first prong of the discretionary function exception).

Beyond 18 U.S.C. § 4042(a), BOP policy 5270.12 provides that living conditions in special housing units shall be "well-ventilated, adequately lighted, appropriately heated, and maintained in a sanitary condition." (DE 30-3 at 11). The policy "does not contain mandatory language that limits[,] directs[,] or specifies how inmate cell assignments are to be made." (DE 30-1 ¶ 6; see (DE 30-3) at 1–22). The policy also "does not contain mandatory language concerning how cells in the institution's SHU are to be cleaned or inspected to ensure they are maintained in a sanitary condition." (DE 30-1 ¶ 7; see (DE 30-3) at 1–22).

Similarly, BOP policy 1330.18 provides that BOP staff shall receive, record, review, investigate, and respond to prisoner complaints. (See DE 30-2 at 1–16). The policy does not contain mandatory language on how to investigate or act in response to an investigation. (See id.). The Fourth Circuit has held that conducting inspections or investigations falls within the scope of discretionary authority. See Indemnity Ins. Co. of North America v. United States, 569 F.3d 175, 181 (4th Cir. 2009) (finding that the United States Coast Guard's discretion concerning the inspection of a vessel satisfied the first prong of the discretionary function exception); Suter v. United States, 441 F.3d 306, 311 (4th Cir. 2006) (finding that the FBI's broad discretion in conducting investigations satisfied the first prong of the discretionary function exception).

6

Accordingly, the conduct at issue concerning plaintiff's housing and complaints of mold implicates discretion and plaintiff fails to meet his burden as to the first prong.

Turning to the second prong, the Fourth Circuit has held that decisions concerning where to place inmates "invoke several policy considerations for prison administrators, [and] are precisely the kind of determinations that the discretionary function exception is intended to protect." Bulger, 62 F.4th at 143; Rich, 811 F.3d at 146. The Fourth Circuit has also held that "[f]actors such as available resources, proper classification of inmates, and appropriate security levels are inherently grounded in social, political, and economic policy." Bulger, 62 F.4th at 143; Rich, 811 F.3d at 146. Accordingly, the second prong of the discretionary function test is also satisfied, and plaintiff's FTCA claims concerning his housing and complaints of mold are barred by the discretionary function exception.

To the extent plaintiff cites Cox v. Quinn, 828 F.3d 227 (4th Cir. 2016), Witt v. Redman, No. 7:17CV00438, 2018 WL 4374220 (W.D. Va. Sept. 13, 2018) (unpublished), and other similar cases to show that prison officials have a duty to protect inmates from harm, these cases raise claims under the Eighth Amendment and do not involve the FTCA or the discretionary function exception. Additionally, the FTCA does not provide a remedy for constitutional claims. See FDIC, 510 U.S. at 478 ("[T]he Untied States simply has not rendered itself liable under [28 U.S.C.] § 1346(b) for constitutional tort claims," and thus, constitutional tort claims are "not cognizable."). Accordingly, the court grants defendant's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 29) is GRANTED. Plaintiff's action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk

is DIRECTED to close this case.

SO ORDERED, this the 16th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge